E  03/07

1  RILEY A. CLAYTON
   Nevada Bar No. 005260
2  rclayton@lawhjc.com

3  HALL JAFFE & CLAYTON, LLP
   7425 PEAK DRIVE
4  LAS VEGAS, NEVADA 89128
   (702) 316-4111
5  FAX (702)316-4114

6  Attorneys for Defendant,
   State Farm Mutual Automobile Insurance Company
7

8              UNITED STATES DISTRICT COURT

9                 DISTRICT OF NEVADA

10  CRYSTAL JO GOLDSMITH, individually,

11             Plaintiff,                    CASE NO.: 2:13-cv-00216-JCM-PAL

12  vs.

13  STATE FARM MUTUAL AUTOMOBILE            STIPULATION AND ORDER FOR
    INSURANCE COMPANY, an Illinois          DISMISSAL WITH PREJUDICE AND
14  Corporation, DOES I-X, and ROE          AGREEMENT FOR PRIVATE BINDING
    CORPORATIONS I-X, inclusive,            ARBITRATION
15

16             Defendant.

17

18        This Stipulation and Order of Dismissal With Prejudice and Agreement for Private and Binding

19  Arbitration (hereinafter "Agreement") is entered into by Plaintiff, Crystal Jo Goldsmith ("Plaintiff"), and

20  Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), (collectively referred to

21  as the "Parties"), as an alternative method of resolving a dispute that has allegedly arisen from an May

22  13, 2011, automobile accident and subsequent claims handling, which culminated in a lawsuit styled

23  *Crystal Jo Goldsmith v. State Farm Mutual Automobile Insurance Company, et al,* currently pending in

24  the United States District Court, District of Nevada, Case No. 2:13-cv-00216-JCM-PAL.  Plaintiff is

25  represented by Glen Lerner Injury Attorneys.  State Farm is represented by Hall Jaffe & Clayton, LLP.

26        The following terms and conditions of this Agreement will become effective upon the signature

27  by the Parties and the execution and filing of the same by this Court.

28        1.      State Farm issued an policy of automobile insurance, Policy No. 0522-030-28A, which

1  provides, among other coverages, underinsured motorist ("UIM") coverage, subject to all terms,

2  conditions, limitations of the policy and any applicable offsets.

3      2.    In an effort to resolve all disputes and controversies between the Parties arising out of and

4  relating to the subject automobile accident and subsequent claims handling, the Parties have agreed to

5  place this matter into private binding arbitration, with all damages capped against State Farm at $15,000,

6  which is the amount available under State Farm's "each person" UIM policy limit after all applicable

7  offsets.

8      3.    For and in consideration of the mutual covenants and promises made herein, the Parties

9  enter into this Agreement and agree to be bound by its terms as fully stated herein.

10      4.    The Parties agree that the arbitration shall be binding and shall be the sole and final

11  resolution and adjudication of all of Plaintiff's claims against State Farm, which in any way arise out of

12  or relate to the May 13, 2011, accident, and subsequent claims handling or decision making.  This clause

13  and mutual promise is of the essence to this Agreement.  The arbitrator's decision and award shall be the

14  sole basis for recovery on these claims and shall be final and binding.  The Parties agree that there shall

15  be no right of appeal of the arbitrator's decision to any trial court, court of appeals, the Nevada Supreme

16  Court, or to any other court, forum, person or entity, or the arbitrator himself.  Likewise, the Parties

17  agree that there shall be no right to submit a Motion for Reconsideration or similar or equivalent motion

18  or request to the arbitrator.

19      5.    The arbitrator shall _not_ be informed concerning the "range of award" (discussed below)

20  that the Parties have agreed upon.  The arbitrator will _only_ be asked to resolve the issue of Plaintiff's

21  legal entitlement, if any, to UIM proceeds, subject to all terms, conditions, and offsets under the policy

22  and law.  In other words, the arbitrator shall determine fault for the accident (and apportion it

23  appropriately, if necessary), and the extent of Plaintiff's damages by placing a fair and equitable total

24  value (which includes medical specials, income loss, other special damages, and general damages) on

25  the Plaintiff's claim, and the application of any of the policy's terms, offsets, conditions and exclusions,

26  if applicable.  The arbitrator will not be asked to and will not consider any alleged claims

27  handling/decision-making issues or liability for extra-contractual claims, including, but not limited to,

28

1  breach of the implied covenant of good faith and fair dealing, statutory claims handling violations, or

2  liability for punitive or other extra-contractual damages, as such extra-contractual claims and damages,

3  have been and are expressly waived by Plaintiff and dismissed with prejudice by this Agreement.

4       6.    The Parties will jointly select a single arbitrator to serve as the arbitrator of this case. The

5  arbitrator will be Greg Hafen, Esq.

6       7.    Plaintiff, through this Agreement, agrees to dismiss her present lawsuit with prejudice

7  that is currently on file in the United States District Court, District of Nevada, with each party to bear its

8  own fees and costs.

9       8.    The Parties shall advise the arbitrator of an agreement for binding arbitration and proceed

10  in a manner that is agreeable to the Parties and to the arbitrator. The Parties shall be allowed to conduct

11  any reasonable discovery permitted under the Nevada Rules of Civil Procedure. The arbitrator shall

12  resolve any and all discovery disputes, including the scope of permitted discovery. Subpoenas can be

13  issued and enforced pursuant to NRS 38.233. Arbitration briefs and exhibits are to be submitted in

14  accordance with the instructions and desires of the arbitrator.

15       9.    The arbitration hearing will be held at a mutually agreed upon date.

16       10.    The arbitrator shall be given discretion to conduct the arbitration hearing in an informal

17  and expeditious manner allowing for such testimony or evidence as is needed to reach a decision. The

18  parties may submit and the arbitrator may consider written expert reports consistent with the format

19  requirements of Nev. R. Civ. P. 26(a)(2) in lieu of live expert testimony.

20       11.    Regarding the Plaintiff's contractual UM claim against State Farm, the "range of award"

21  herein shall be set at a $0.00 "low" and capped at a $15,000.00 "high." The "high" derives from the

22  potential payment of the remaining amount of the UIM policy limit after all potential offsets. In this

23  case, State Farm is entitled to $101,000 in offsets, which derive from $100,000 paid by the tortfeasor's

24  insurance carrier, and $1,000 paid by State Farm under the medical payments portion of the policy.

25       12.    The only manner in which State Farm would be obligated to pay any UIM money is if the

26  arbitrator concludes that the total value of Plaintiff's claim exceeds $101,000. By way of example, if the

27  arbitrator were to conclude that the total value of Plaintiff's claim was only $80,000, then State Farm

28  

3

1  would not be required to pay any UIM proceeds.  By way of a second example, if the arbitrator were to

2  conclude that the total value of Plaintiff's claim was $110,000, then State Farm would be obligated to

3  pay $9,000 in new UIM money.

4        13.  **The maximum that State Farm would ever be required to pay Plaintiff under this**

5  **Agreement is $15,000.00, which is the available amount under the UIM "each person" policy limit.**

6  By way of example, if the arbitrator were to conclude that the total value of Plaintiff's claim was

7  $130,000, then State Farm would only be obligated to pay Plaintiff the "high" of the range of award,

8  which is $15,000 in UM money.  State Farm would **not be required** to pay any amount that exceeds

9  $15,000, and in such a circumstance, the excess award beyond the applicable offsets and the "high"

10  against State Farm would automatically be reduced to $15,000.

11        14.  The arbitrator shall not be permitted to make an award of attorney fees, legal costs, or

12  interest to any party.  An Offer of Judgment will have no effect.

13        15.  Payments of the sum awarded, as limited by the parameters set forth herein, shall be made

14  no later than 20 days after service of the arbitrator's decision.

15        16.  The Parties agree to equally share and pay for the arbitrator's fees and costs.

16        17.  This Agreement is binding on the Parties, their heirs, executors, administrators, personal

17  representatives, legal representatives, and other such persons or entities.

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

4

1     18.   The terms and conditions of this agreement may be modified upon the written and mutual

2  agreement of the parties.

3  Dated this 1 4 of _March_, 2013.         Dated this 14th of _March_, 2013.

4  HALL JAFFE & CLAYTON, LLP        GLEN LERNER INJURY ATTORNEYS

5

6  By _____        By _____

7  RILEY A. CLAYTON             JUSTIN S. RANDALL
    Nevada Bar No. 005260           Nevada Bar No. 012476

8  7425 Peak Drive               4795 S. Durango Drive
    Las Vegas, Nevada 89128          Las Vegas, Nevada 89147

9  Attorney for Defendant            Attorney for Plaintiff

10

11                  _O R D E R_

12              **IT IS SO ORDERED**

13

14           Dated: March 19, 2013.

15

16          _____
          UNITED STATES DISTRICT COURT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28